IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| L&L FABRICATION LLC,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. |
| AMERISURE INSURANCE<br>COMPANY<br>　　Defendant. | §<br>§<br>§<br>§ | |

### DEFENDANT AMERISURE INSURANCE COMPANY'S
### NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

Pursuant to 28 U.S. C. §§ 1332, 1441, and 1446(a), as well as Local Rule 81, Defendant Amerisure Insurance Company ("Defendant") files this Notice of Removal and respectfully shows that diversity subject-matter jurisdictions exists and removal is timely.

### I.
### BACKGROUND FACTS

1.　This lawsuit arises out of an insurance coverage dispute regarding hail damage. Plaintiff alleges that its commercial building sustained hail damage in excess of $1,000,000.00 and that Defendant refused to replace the roof of the subject property. *See* Plaintiff's Original Petition, p. 3. Plaintiff alleges a single cause of action against Defendant for breach of contract. *Id*. at 4.

### II.
### TIMELINESS OF REMOVAL

2.　On January 11, 2021, Plaintiff filed its Original Petition styled *L&L Fabrication LLC v. Amerisure Insurance Company*, Cause No. 067-322819-21 in the 67th Judicial District

Court, Tarrant County, Texas ("Underlying Lawsuit"). *See id.* Defendant accepted service on January 12, 2021, and was otherwise notified of the Underlying Lawsuit on January 12, 2021.

3. Defendant files this Notice of Removal within the thirty-day time period imposed by 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely.

### III.
### DIVERSITY OF CITIZENSHIP

4. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Plaintiff is a limited liability company organized and existing in the state of Texas with its principal place of business in Tarrant County, Texas. A limited liability company is assigned the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Upon information and belief, Plaintiff's limited liability company members are citizens of the State of Texas and are not citizens of Michigan.

6. Defendant is an insurance company organized and existing under the laws of the state of Michigan and having its principal place of business in Farmington Hills, Michigan. Defendant is not a citizen of Texas.

7. Based upon the foregoing, the parties are completely diverse within the meaning of 28 U.S.C. §1332.

### IV.
### VENUE IS PROPER

8. Venue in this district is proper under 28 U.S.C. §§ 124(a)(2) and 1446(a) because the Northern District of Texas, Fort Worth Division, encompasses Tarrant County, Texas and is "the district and division embracing the place where such action is pending."

## V.
## AMOUNT IN CONTROVERSY

9. Plaintiff alleges that it incurred hail damage in excess of $1,000,000.00 and seeks to recover its actual damages. *See* Plaintiff's Original Petition ¶ 16, and Prayer for Relief (a-e). Therefore, because the amount in controversy exceeds the $75,000.00 threshold required to invoke this Court's jurisdiction, removal is proper. 28 U.S.C. § 1332(a); *see St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

## VI.
## THIS NOTICE IS PROCEDURALLY CORRECT

10. Pursuant to 28 U.S.C. §1446(a), the Plaintiff's Original Petition, as well as the acceptance of service by Defendant, is included in the index attached hereto as Exhibit A and Exhibit C.3.

11. Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

12. Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice of Removal, a true and correct copy will be filed with the Clerk of the Tarrant County District Court, the state court from which this action was removed.

13. Pursuant to this Court's Local Rule 81, attached to this Notice of Removal are the documents required by U.S.C. § 1446(a) and Local Rule 81 as follows:

    (1)    Index of all documents filed in the State Court Action (Exhibit A);

    (2)    Docket Sheet in the State Court Action (Exhibit B);

(3) Copies of all Pleadings, Process, and Orders filed in the State Court Action (Exhibit C).

14. In accordance with this Court's Local Rule 81, Amerisure Insurance Company also is concurrently filing with the Notice of Removal: (1) a completed Civil Cover Sheet, (2) Supplemental Civil Cover Sheet, (3) Notice of Related Case (identified below), and (4) Certificate of Interested Persons.

15. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

16. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 67th Judicial District Court, Tarrant County, Texas, where this matter was pending under Cause No. 067-322819-21, in a matter styled *L&L Fabrication LLC v Amerisure Insurance Company, LLC*.

17. A jury trial has been demanded in the State Court Action by Plaintiff.

18. Trial has not commenced in the 67th Judicial District Court, Tarrant County, Texas.

19. Finally, Plaintiff previously filed suit against Defendant with respect to the facts and circumstances at issue here, in the case styled *L&L Fabrication LLC v. Amerisure Insurance Company*, Cause No. 141-319002-20 in the 141st Judicial District Court, Tarrant County, Texas. Said prior lawsuit was subsequently removed to the Northern District of Texas, Fort Worth Division, case no. 4:20-cv-01059-P, and eventually dismissed without prejudice on November 4, 2020 by the Honorable Mark T. Pittman. Defendant offers that the removal of this Underlying Lawsuit tracks the removal of the prior litigation, which was deemed to be proper.

## VII.
## CONCLUSION

20. This notice was filed timely. The amount in controversy exceeds $75,000.00. Complete diversity of citizenship exists between Plaintiff and Defendant. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, the action is properly removed pursuant to 28 U.S.C. § 1441.

21. Defendant Amerisure Insurance Company respectfully requests that the United States District Court for the Northern District of Texas, Fort Worth Division, accept and file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: */s/ Robert J. Witmeyer*
**R. BRENT COOPER**
Texas State Bar No. 04783250
Email: Brent.Cooper@cooperscully.com
**ROBERT J. WITMEYER**
Texas Bar No. 24091174
Email: Rob.Witmeyer@cooperscully.com

Founders Square
900 Jackson, Suite 100
Dallas, TX 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR DEFENDANT,
AMERISURE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2021, a true and correct copy of the foregoing document was served on counsel of record *via* electronic mail, and/or using the Court's ECF filing service:

Hugh G. Connor II
Hugh.connor@kellyhart.com
Michael D. Anderson
Michael.anderson@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817)332-2350 Telephone
(817)878-9280 Facsimile

*/s/ Robert J. Witmeyer*
**ROBERT J. WITMEYER**